UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Todd Aupperlee | ) |
| Scott Barnes | ) |
| Bradley Barney | ) |
| Brian Bartzen | ) |
| Matthew Beauchamp | ) |
| Jennifer Bradley | ) |
| Ralph Britton | ) |
| Nicholas Brizendine | ) |
| Mark Burkart | ) |
| Jason Crape, Sr. | ) |
| Joshua Cushman | ) |
| Charles Daws | ) |
| Mark DeVriendt | ) |
| Andre Doser | ) |
| James Elliott | ) |
| Michael Fleisher | ) |
| Timothy Gieske | ) |
| Clifton Graw | ) |
| Eric Haines | ) |
| Calvin Hardin | ) |
| Walter Hardy II | ) |
| John Hausman | ) |
| Clifford Hill, III | ) |
| Nicholas Hill | ) |
| Lucas Hillard | ) |
| Shane Holly | ) |
| Jeffrey Hudson | ) |
| Chad Hughes | ) |
| Michele Hughey | ) |
| Jeannell Justin | ) |
| Scott Keeler | ) |
| Shaun Kelly | ) |
| Mark Koch | ) |
| Christopher Love | ) |
| Michael Lowe | ) |
| Adam Magers | ) |
| Derek Malone | ) |
| Edward Marshall, II | ) |
| Jake Martin | ) |
| Bush McCarthy | ) |
| Shawn Metheny | ) |
| Todd Miller | ) |

| | |
|---|---|
| LaMarr Mingle ) | |
| Ann Piper ) | |
| James Ramsy ) | |
| Tod Rush ) | |
| Joseph Shanks ) | |
| Steven Smith ) | |
| Thomas Smith ) | |
| Nathan Stencel ) | |
| Chad Stuck ) | |
| Richard Teinert ) | |
| Wayne Thompson ) | |
| Cody Titus ) | |
| Jaye Tkac ) | |
| Jayeson Tkac ) | |
| Michael Tobin ) | |
| Carl Turner ) | |
| Tracey Walker ) | |
| Larry Wesner ) | |
| Scott Williamson ) | |
| Dan Wolfe ) | |
| Jill Wood ) | |
| Deric Wurmlinger ) | |
| Kim Yarger ) | |
| ) | |
|     Plaintiffs, ) | Case No. |
| ) | Hon. |
| vs. ) | |
| ) | **COMPLAINT,** |
| ) | **COLLECTIVE ACTION, AND** |
| ) | **DEMAND FOR JURY TRIAL** |
| CITY OF BATTLE CREEK, MICHIGAN ) | |
| ) | |
|   SERVE:  Susan Baldwin, Mayor ) | |
|              City of Battle Creek ) | |
|              10 North Division Street ) | |
|              Battle Creek, MI 49014 ) | |
| ) | |
|     Defendant. ) | |

Plaintiffs, by counsel and for their Complaint against Defendant, City of Battle Creek, Michigan, state as follows:

1.      Plaintiffs bring this action against Defendant, City of Battle Creek, Michigan (hereinafter, "the City"), to recover for damages arising from violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (hereinafter, "FLSA"), the Michigan Minimum Wage Law of 1964, M.C.L. § 408.381, *et seq.* (hereinafter, "MMWL"), and contract law. Plaintiffs bring their claims on behalf of themselves and other employees similarly situated and seek certification as a collective action.

2.      This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331 and 1367 and 29 U.S.C. § 216(b).

3.      Plaintiffs' claims under Michigan state law are so related to Plaintiffs' federal-law claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c).

5.      Plaintiffs, Todd Aupperlee, Scott Barnes, Bradley Barney, Brian Bartzen, Matthew Beauchamp, Jennifer Bradley, Nicholas Brizendine, Mark Burkart, Jason Crape, Sr., Joshua Cushman, Mark DeVriendt, Andre Doser, Michael Fleisher, Timothy Gieske, Eric Haines, Calvin Hardin, Walter Hardy II, John Hausman, Clifford Hill, III, Nicholas Hill, Lucas Hillard, Shane Holly, Jeffrey Hudson, Chad Hughes, Michele Hughey, Jeannell Justin, Scott Keeler, Shaun Kelly, Mark Koch, Christopher Love, Adam Magers, Derek Malone, Edward Marshall, II, Jake Martin, Bush McCarthy, Shawn Metheny, Todd Miller, LaMarr Mingle, Ann Piper, James Ramsy, Joseph Shanks, Thomas Smith, Nathan Stencel, Chad Stuck, Richard Teinert, Wayne Thompson, Cody Titus, Jaye Tkac, Jayeson Tkac, Michael Tobin, Carl Turner, Tracey Walker, Scott Williamson, Dan Wolfe, Jill Wood, Deric Wurmlinger, and Kim Yarger, are employed by Defendant, City of Battle Creek, Michigan (hereinafter "the City"), in fire

protection activities. At the time of filing this Complaint, there are 57 Plaintiffs who are current employees of the City. Each Plaintiff listed in this paragraph is a member of International Association of Fire Fighters, Local 335 (hereinafter "Union") and has given his or her written consent to be a party plaintiff in this action pursuant to 29 U.S.C. § 216(b), which is attached hereto as Exhibit A.

6. Plaintiffs, Ralph Britton, Charles Daws, James Elliott, Clifton Graw, Michael Lowe, Tod Rush, Steven Smith, and Larry Wesner, were formerly employed by the City in fire protection activities. At the time of filing this Complaint, there are 8 Plaintiffs who are former employees of the City. Each Plaintiff listed in this paragraph was a member of the Union at all times during his or her employment by the City and has given his or her written consent to be a party plaintiff in this action pursuant to 29 U.S.C. § 216(b), which is attached hereto as Exhibit A.

7. Defendant, the City, is a municipal corporation incorporated and located in the State of Michigan.

8. At all times relevant hereto, the City has been a party to a series of employment contracts with the Union, which was acting on behalf of Plaintiffs. Hereinafter, these documents shall be referred to as the "Contracts."

9. At all times relevant hereto, Plaintiffs have worked hours in excess of the hourly levels specified in the FLSA. As a result, Plaintiffs are entitled to overtime compensation at a rate of not less than one and one-half times their regular rate of pay for the hours of overtime they have worked.

10. At all times relevant hereto prior to July 29, 2012, the City did not have an established, regularly recurring work period between seven (7) and twenty-eight (28) consecutive days for Plaintiffs.

11. Instead, at all times relevant hereto prior to July 29, 2012, the City had an established work period of fifty-six (56) consecutive days for Plaintiffs.

12. Because the City failed to establish a regularly recurring work period between seven (7) and twenty-eight (28) consecutive days for Plaintiffs prior to July 29, 2012, the City is not entitled to the exemption provided in 29 U.S.C. § 207(k) for any time prior to July 29, 2012, and has a statutory obligation to pay overtime compensation to Plaintiffs for any and all work performed by Plaintiffs in excess of forty (40) hours in a work week, defined as seven (7) consecutive days, for all times relevant hereto prior to July 29, 2012.

13. Plaintiffs' "Regular Rate," as defined under the FLSA and regulations promulgated by the United States Department of Labor pursuant to the FLSA, includes the hourly base wage set forth in the salary schedules attached as appendices to the Contracts plus all other elements of remuneration, including, but not limited to, annual holiday bonus, longevity bonus, and educational incentive pay.

14. The City calculated overtime compensation for Plaintiffs based solely on Plaintiffs' hourly base pay from the salary schedules attached as appendices to the Contracts, without including the other elements of remuneration. The overtime compensation should have been calculated on Plaintiffs' "Regular Rate" as defined under the FLSA and related regulations.

15. At all times relevant hereto, Plaintiffs have been instructed to call the fire station before the beginning of their shifts to determine whether they would be assigned to that fire station or to another fire station for that particular shift. In the event that Plaintiffs were assigned

to a fire station other than their home station, then the City required Plaintiffs to travel to their home station prior to the beginning of their shift to obtain their work equipment and then travel to the newly assigned fire station.

16. At all times relevant hereto, the City failed to pay wages or overtime compensation to Plaintiffs for any work performed prior to their assigned shifts, including time in which Plaintiffs were required to travel to their home fire station and gather their work equipment and then travel to a newly assigned fire station, all of which occurred before the beginning of Plaintiffs' shifts.

17. At all times relevant hereto, the City improperly rounded down the hours when Plaintiffs worked less than fifteen (15) minutes and failed to pay wages or overtime compensation to Plaintiffs for that time.

18. At all times relevant hereto, the City paid Plaintiffs only for the average amount of hours worked plus the sick or vacation time and did not pay Plaintiffs for the actual hours of work.

19. As a result of the acts and omissions of the City set forth herein, Plaintiffs have sustained damages, which include, but are not limited to, unpaid wages and overtime compensation, an additional equal amount as liquidated damages, the reduction in the value of Plaintiffs' pension benefits, incidental and consequential damages, including pre-judgment interest on liquidated claims, reasonable attorneys' fees and cases expenses to be paid by the City, and the costs of this action.

20. All amounts claimed are in excess of the minimal jurisdictional limits of this Court.

21. The employment and work records for Plaintiffs are in the exclusive possession, custody, and control of the City, and Plaintiffs are unable to state at this time the exact amounts owing to each of them. The City is under a duty imposed by the FLSA, 29 U.S.C. § 211(c), and the regulations of the United States Department of Labor, to maintain and preserve payroll and other employment records with respect to Plaintiffs and other employees similarly situated from which the amounts of the City's liability can be ascertained.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS

22. Plaintiffs adopt, reiterate and incorporate herein by reference all allegations contained in the other paragraphs of this Complaint.

23. At all times relevant hereto, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA.

24. The acts and omissions of the City set forth herein, including, but not limited to, the City's incorrect calculation and remitting of wages and overtime compensation to Plaintiffs, constitute violations of the rights of Plaintiffs under the FLSA.

25. As a result of the City's violations, Plaintiffs have sustained the damages set forth herein.

26. The City's actions and omissions as alleged herein were done in a knowing, willful, and bad faith manner.

27. As a result of the City's willful violations of the FLSA, the statute of limitations is extended from two years to three years for Plaintiffs' FLSA claims.

## COUNT II
## VIOLATIONS OF MICHIGAN MINIMUM WAGE LAW OF 1964

28. Plaintiffs adopt, reiterate and incorporate herein by reference all allegations contained in the other paragraphs of this Complaint.

29. At all times relevant hereto, Plaintiffs have been entitled to the rights, protections, and benefits provided under the MMWL.

30. The acts and omissions of the City set forth herein, including, but not limited to, the City's incorrect calculation and remitting of wages and overtime compensation to Plaintiffs, constitute violations of the rights of Plaintiffs under the MMWL.

31. As a result of the City's violations, Plaintiffs have sustained the damages set forth herein.

32. The City's actions and omissions as alleged herein were done in a knowing, willful, and bad faith manner.

## COUNT III
## BREACH OF CONTRACT

33. Plaintiffs adopt, reiterate and incorporate herein by reference all allegations contained in the other paragraphs of this Complaint.

34. At all times relevant hereto, the Contracts established a contractual relationship between the City and Plaintiffs.

35. At all times relevant hereto, the City had contractual duties and obligations to Plaintiffs as a result of the Contracts.

36. At all times relevant hereto, Plaintiffs had contractual duties and obligations to the City as a result of the Contracts.

37. At all times relevant hereto, Plaintiffs fulfilled their contractual duties and obligations to the City under the Contracts.

38. The acts and omissions of the City set forth herein, including, but not limited to, the City's incorrect calculation and remitting of wages and overtime compensation to Plaintiffs, constitute breaches of the City's contractual duties and obligations to Plaintiffs under the Contracts.

39. At all times relevant hereto, the City incorrectly calculated Plaintiffs' wages and overtime compensation, as required by the FLSA and MMWL, resulting in violations of the FLSA and MMWL.

40. The City, by incorrectly calculating and remitting wages and overtime compensation to Plaintiffs, violated the specific terms of the Contracts and those terms incorporated into the Contract by operation law, including, but not limited to, the FLSA and MMWL, and breached the City's obligations under the Contracts.

41. As a result of the City's breaches of contract, Plaintiffs have sustained the damages set forth herein.

WHEREFORE, Plaintiffs, on their own behalf and on behalf of others similarly situated, demands:

 a. A declaratory judgment against the City declaring that the City has violated its statutory obligations and deprived Plaintiffs of their rights, and, in so doing, the City acted willfully and in bad faith;

 b. A complete and accurate accounting of all compensation to which Plaintiffs are entitled;

      c.      A judgment against the City for Plaintiffs' monetary damages, including, but not limited to, an amount equal to the correct overtime compensation due Plaintiffs; any additional back pay due Plaintiffs; an additional amount equal to Plaintiffs' unpaid overtime compensation and any additional back pay as liquidated damages; the reduction in the value of Plaintiffs' pension benefits; Plaintiffs' case expenses and reasonable attorney fees; interest at the legal rate or statutory rate on each payment as it became due until paid; costs of this action; and any further incidental or consequential damages as alleged herein and as to be determined at the trial of this action;

      d.      Trial by jury on all issues so triable; and

      e.      Any and all other relief to which Plaintiffs may be entitled.

      s/Ann B. Oldfather
Ann B. Oldfather (KY 52553)[1]
R. Sean Deskins (KY 92430)[2]
OLDFATHER LAW FIRM
1330 South Third Street
Louisville, Kentucky 40208
Voice: 502-637-7200
Facsimile: 502-636-0066
aoldfather@oldfather.com
sdeskins@oldfather.com
*Counsel for Plaintiffs*

---

[1] Admitted to practice in the United States District Court for the Western District of Michigan on September 17, 2013.
[2] Admitted to practice in the United States District Court for the Western District of Michigan on September 13, 2013.