# EXHIBIT 1

## SETTLEMENT, RELEASE, AND WAIVER AGREEMENT

This Settlement Agreement, Release and Waiver Agreement (the "Settlement Agreement" or "Agreement") is made by the Plaintiffs (as defined below), Plaintiffs' Counsel (as defined below), and The City of Battle Creek (the "City").

WHEREAS, the following Plaintiffs (collectively, the "Plaintiffs") are named Plaintiffs in the matter of *Aupperlee, et al. v. City of Battle Creek*, Case No. 1:13-cv-01080-RJJ, currently pending in the United States District Court for the Western District of Michigan (the "Federal Case"), and *Aupperlee, et al. v. City of Battle Creek*, Court of Appeals Case No. 322915, currently pending in the Michigan Court of Appeals and which originated in the Calhoun County Circuit Court as Case No. 14-105-CZ (the "State Appeal"):

| | | | | | |
|---|---|---|---|---|---|
| 1. | Michael Archer | 24. | Clifford Hill, III | 47. | LaMarr Mingle |
| 2. | Todd Aupperlee | 25. | Nicholas Hill | 48. | Ann Piper |
| 3. | Scott Barnes | 26. | Lucas Hillard | 49. | James Ramey |
| 4. | Bradley Barney | 27. | Shane Holly | 50. | Tod Rush |
| 5. | Brian Bartzen | 28. | Jeffrey Hudson | 51. | Joseph Shanks |
| 6. | Matthew Beauchamp | 29. | Chad Hughes | 52. | Steven Smith |
| 7. | Jennifer Bradley | 30. | Michele Hughey | 53. | Thomas Smith |
| 8. | Ralph Britton | 31. | Quincy Jones | 54. | Nathan Stencel |
| 9. | Nicholas Brizendine | 32. | Jeannell Justin | 55. | Chad Stuck |
| 10. | Mark Burkart | 33. | Scott Keeler | 56. | Richard Teinert |
| 11. | Jason Crape, Sr. | 34. | Shaun Kelly | 57. | Wayne Thompson |
| 12. | Joshua Cushman | 35. | Mark Koch | 58. | Cody Titus |
| 13. | Charles Daws | 36. | Christopher Love | 59. | Jaye Tkac |
| 14. | Mark DeVriendt | 37. | Michael Lowe | 60. | Jayeson Tkac |
| 15. | Andre Doser | 38. | Adam Magers | 61. | Michael Tobin |
| 16. | James Elliott | 39. | Derek Malone | 62. | Carl Turner |
| 17. | Michael Fleisher | 40. | Edward Marshall, II | 63. | David Wabindato |
| 18. | Timothy Gieske | 41. | Jake Martin | 64. | Tracey Walker |
| 19. | Clifton Graw | 42. | Michael Martin | 65. | Larry Wesner |
| 20. | Eric Haines | 43. | Bush McCarthy | 66. | Scott Williamson |
| 21. | Calvin Hardin | 44. | James Mervyn | 67. | Dan Wolfe |
| 22. | Walter Hardy II | 45. | Shawn Metheny | 68. | Jill Wood |
| 23. | John Hausman | 46. | Todd Miller | 69. | Deric Wurmlinger |
| | | | | 70. | Kim Yarger |

WHEREAS, Plaintiffs are represented by the OLDFATHER LAW FIRM and the Avanti Law Group, PLLC in both the Federal Case and the State Appeal (collectively, "Plaintiffs' Counsel");

WHEREAS, in the Federal Case and the State Appeal combined, Plaintiffs are asserting claims for alleged violations of the Fair Labor Standards Act, the Michigan Minimum Wage Law, and for breach of contract premised on the collective bargaining agreement between the City and Local 335 of the International Association of Fire Fighters;

Execution Set

WHEREAS, Plaintiffs maintain that the City has violated wage and hour laws of the State of Michigan and the federal Fair Labor Standards Act, and the City denies that is has violated any law or has engaged in any wrongdoing whatsoever;

WHEREAS, the parties recognize that further litigation would be protracted, expensive, and subject to variable outcomes;

WHEREAS, the parties have concluded that it is beneficial to resolve the claims on the terms set forth herein, and that such terms are fair and reasonable.

NOW, THEREFORE, for good and valuable consideration, and in consideration of the mutual promises contained herein, it is agreed as follows:

1.      SETTLEMENT AMOUNT.   Within 30 days of the Effective Date of this Agreement, as defined below in Paragraph 11, the City shall pay the total cash amount of $1,500,000 to Plaintiffs, to be allocated as follows:

a.      The City will pay the amount of $1,170,000.00 to be paid and allocated as indicated on Exhibit A.

b.      The City will pay the amount of $330,000.00 as reasonable attorney fees and the City shall pay reasonable case expenses incurred by Plaintiffs' counsel in the representation of Plaintiffs in the federal action ONLY, the payment by City in this regard not to exceed the sum of $20,000. The City has reviewed the expenses submitted on October 25, 2014, in the amount of $10,152.58 and agrees that all of the listed expenses are reasonable. These amounts shall be remitted to counsel for Plaintiffs, Ann B. Oldfather.   The City will issue a Form 1099 to the OLDFATHER LAW FIRM for these amounts.

2.      ALLOCATION OF SETTLEMENT AMOUNT and TAXES. Plaintiffs shall be solely responsible for all income taxes and local taxes, any regular employee's pension contribution, and any regular employee's Fire Retiree Healthcare contribution properly due on the wage portion of the Settlement Amount, which wage portion is set forth on Exhibit A. Such withholdings and contributions shall be withheld by the City from the wage portion payable to Plaintiffs as set forth in Exhibit A. Plaintiffs shall be solely responsible for the income tax due on all other portions of the Settlement Amount. The City shall be responsible for the employer's taxes and typical employer's liabilities properly due on the wage portion of the Settlement Amount (except as shown to the contrary on Exhibit A).  The wage portion of the Settlement Amount shall be included in the Final Average Compensation of any retired Plaintiff and credited to such Plaintiff's last day of service to ensure that all retired Plaintiffs get full credit of the wage portion of the settlement amount in computation of their retirement benefits, both as to back benefits and future benefits. For all non-retired Plaintiffs, the wage portion of the Settlement Amount shall be included in such Plaintiff's annual compensation received for the calendar year 2014 for pension purposes.

3.      RELEASE.  Plaintiffs, on behalf of themselves and their respective heirs, executors, administrators, transferees and assigns, irrevocably and unconditionally waive, release and forever discharge the City, its current and former officers, officials, agents, employees,

Execution Set

representatives, insurance carriers, attorneys, and divisions, and their respective predecessors, heirs, executors, administrators, transferees and assigns, and all persons acting by, through, or in concert with any of them, in their individual or official capacities (collectively, "Releasees"), of and from any and all claims, actions, causes of action, suits, debts, demands, rights, charges, complaints, administrative complaints, liabilities, obligations, promises, agreements, contracts, controversies, liens, damages, and expenses, actually incurred, of any kind or nature whatsoever, in law or in equity, arising from, out of or relating to Plaintiffs' pay, wages, or overtime pay while employed by the City up through the date Plaintiffs sign this Agreement, including without limitation all claims asserted in the Federal Case, the State Appeal, the state court case underlying the State Appeal, and any and all other claims of whatever kind or nature arising from, out of or relating to any alleged violation by the City or any other Releasee of any federal, state, or local statute, ordinances, common laws, contracts, or collective bargaining agreements relating to the payment of wages or overtime, including, but not limited to, the Fair Labor Standards Act, the Michigan Minimum Wage Law, and any claims for unpaid wages or overtime under the collective bargaining agreements between the City and Local 335 of the International Association of Fire Fighters.  It is Plaintiffs' intent that this release shall discharge the City and the Releasees from any claims that could allege failure to properly pay wages or overtime through the date Plaintiffs sign this Agreement, to the maximum extent permitted by state and federal law. The City and Releasees do not contend and will not assert that Plaintiffs personally and individually have any liability to the City or Releasees as a result of the payment by the City of the Settlement Amount, and the City and Releasees expressly waive and release any and all such claim, demand, right of indemnification, hold harmless provision, and/or similar claim against Plaintiffs. The City and Releasees do not contend, and will not assert, that the Plaintiffs' Union (Local 335 of the International Association of Fire Fighters) has any liability to the City or Releasees as a result the City's entry into this Settlement Agreement and/or the City's payment of the Settlement Amount, and the City and Releasees expressly waive and release any and all such claims, demands, rights of indemnification, hold harmless provisions, and similar claims, including but not limited to any claims under the terms of the collective bargaining agreement between the City and Plaintiffs' Union (Local 335 of the International Association of Fire Fighters) such as the "hold harmless" terms contained at Section 7.2 of the current contract, it being expressly recognized by the City that any and all such claims as a result of payment of the Settlement Amount are hereby expressly and forever waived.

4.    <u>DISMISSAL</u>.  Plaintiffs will cooperate with the City to obtain the dismissal with prejudice of the Federal Case, without costs or attorneys' fees except as may be provided in this Settlement Agreement. Plaintiffs will cooperate with the City to obtain dismissal with prejudice of the State Appeal, without costs or attorneys' fees to Plaintiffs or the City, except as otherwise provided in this Agreement.  In particular, Plaintiffs authorize Plaintiffs' Counsel to execute and file with the Court in each case a Stipulation and Order of Dismissal previously approved by counsel.

5.    <u>COURT APPROVAL</u>.  The parties will submit this Agreement to the Court in the Federal Case for approval and will seek entry of the agreed Stipulation and Order of Dismissal. For purposes of accomplishing such approval and entry, the parties will execute and file with the Court a Joint Motion for Approval of Settlement Agreement and Entry of Stipulated Order of Dismissal, and brief in support, previously approved by counsel.

3

Execution Set

6.  NON-ADMISSIONS. Nothing in this Agreement is intended to be an admission of any liability by the City or the Releasees with respect to any of the claims set forth in this case, nor is anything in this Agreement intended to be an admission by the Plaintiffs that the City does not have more extensive liability. The City and the Releasees expressly deny any liability, in whole or in part, and deny any wrongdoing of any kind or nature with respect to Plaintiffs and/or those matters released and waived pursuant to this Agreement. Plaintiffs maintain that such liability exists and that wrongdoing did occur in connection with the claims made herein.

7.  KNOWING AND VOLUNTARY. Plaintiffs acknowledge that they have entered into this Agreement voluntarily, with full knowledge of its terms and effect, were advised in writing to consult with an attorney prior to signing this Agreement by virtue of this paragraph, and in fact consulted with Plaintiffs' counsel and were represented by Plaintiffs' counsel at the time of signing this Agreement.

8.  COMPLETE AGREEMENT. Plaintiffs acknowledge that they have not relied on any verbal statements by the City or its representatives in signing this Agreement, and that no promise, inducement, or agreement not expressly stated in this Agreement regarding the subject matter of this Agreement has been made between the parties. This Agreement contains the entire understanding between the parties regarding the subjects in this Agreement and supersedes all previous verbal and written agreements between the parties. This Agreement may not be modified except by subsequent written agreement signed by the parties. The terms of this Agreement are contractual and binding on both parties and are not a mere recital.

9.  BINDING EFFECT. This Agreement shall be binding on the parties and their spouses, heirs, administrators, successors, and assigns.

10.  GOVERNING LAW AND CONSENT JURISDICTION. This Agreement shall be governed by, and construed in accordance with the laws of the State of Michigan. Further, the parties expressly consent to the exclusive jurisdiction and venue in the United States District Court for the Western District of Michigan. Accordingly, any action or proceeding brought by either party which is based on, or derives from, this Agreement will be brought in such court.

11.  EFFECTIVE DATE. This Agreement will become effective and enforceable when the Agreement has been signed by all of the parties, including each one of the Plaintiffs, and the Agreement has been approved by the Court as provided in Paragraph 5.

[Plaintiffs' Signatures Appear on the Pages Following the Signature of the City of Battle Creek]

8888648_1.docx

The City of Battle Creek

Date: 11|6|14

By: _Rebecca Fleury_
Rebecca Fleury
City Manager

4                                                        Execution Set

1. Michael Archer

I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: 10/26/14

Michael Archer

*****

2. Todd Aupperlee

I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: 10/26/14

Todd Aupperlee

*****

3. Scott Barnes

I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: 10/27/14

Scott Barnes

*****

4. Bradley Barney

I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: 10/26/14

Bradley Barney

*****

5. Brian Bartzen

I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: 10/27/2014

Brian Bartzen

6.      Matthew Beauchamp

        I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date:  10/30/14                                    *Matthew Beauchamp*
                                                   Matthew Beauchamp

*****

7.      Jennifer Bradley

        I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date:  10-29-14                                    *Jennifer A Bradley*
                                                   Jennifer Bradley

*****

8.      Ralph Britton

        I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date:  Oct. 27, 2014                               *Ralph Britton*
                                                   Ralph Britton

*****

9.      Nicholas Brizendine

        I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date:  OCT 26TH, 2014                              *Nicholas Brizendine*
                                                   Nicholas Brizendine

*****

10.     Mark Burkart

        I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date:  Oct 26, 2014                                *Mark P Burkart*
                                                   Mark Burkart

11. Jason Crape, Sr.

    I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: _27 OCT 14_

                            Jason Crape, Sr.

*****

12. Joshua Cushman

    I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: _10/26/2014_

                            Joshua Cushman

*****

13. Charles Daws

    I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: _10/26/2014_

                            Charles Daws

*****

14. Mark DeVriendt

    I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: _10-27-14_

                            Mark DeVriendt

*****

15. Andre Doser

    I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: _10/26/14_

                            Andre Doser

16.     James Elliott

      I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: _10-26-2014_                              
                                  James Elliott

\*\*\*\*\*

17.     Michael Fleisher

      I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: _10/27/2014_                               
                                  Michael Fleisher

\*\*\*\*\*

18.     Timothy Gieske

      I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: _10-26-2014_                               
                                  Timothy Gieske

\*\*\*\*\*

19.     Clifton Graw

      I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: _October 27, 2014_                        
                                  Clifton Graw

\*\*\*\*\*

20.     Eric Haines

      I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: _10/27/14_                                
                                  Eric Haines

21.    Calvin Hardin

      I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: _30 Oct. 2014_                             
                        Calvin Hardin

*****

22.    Walter Hardy II

      I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: _27-Oct-14_                         
                        Walter Hardy II

*****

23.    John Hausman

      I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: _10/26/14_                         
                        John Hausman

*****

24.    Clifford Hill, III

      I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: _10/27/2014_                         
                        Clifford Hill, III

*****

25.    Nicholas Hill

      I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: _10/30/14_                         
                        Nicholas Hill

26.   Lucas Hillard

I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: 10/29/14

Lucas Hillard

*****

27.   Shane Holly

I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: 10/27/14

Shane Holly

*****

28.   Jeffrey Hudson

I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: 10/26/2014

Jeffrey Hudson

*****

29.   Chad Hughes

I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: 10/26/2014

Chad Hughes

*****

30.   Michele Hughey

I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: 10/26/2014

Michele Hughey

31.    Quincy Jones

    I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: __10-27-14__

                              Quincy Jones

*****

32.    Jeannell Justin

    I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: __11/4/14__

                              Jeannell Justin

*****

33.    Scott Keeler

    I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: __10/27/2014__

                              Scott Keeler

*****

34.    Shaun Kelly

    I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: __10/27/14__

                              Shaun Kelly

*****

35.    Mark Koch

    I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: __11.01.2014__

                              **Mark Koch**

36.  Christopher Love

    I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: _10/26/2014_

Christopher Love

\*\*\*\*\*

37.  Michael Lowe

    I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: _10-26-14_

Michael Lowe

\*\*\*\*\*

38.  Adam Magers

    I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: _10/27/14_

Adam Magers

\*\*\*\*\*

39.  Derek Malone

    I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: _10-26-14_

Derek Malone

\*\*\*\*\*

40.  Edward Marshall, II

    I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: _10/27/2014_

Edward Marshall, II

41.   Jake Martin

   I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: _Oct. 27, 2014_

_____
Jake Martin

*****

42.   Michael Martin

   I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: _10-29-2014_

_____
Michael Martin

*****

43.   Bush McCarthy

   I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: _2 Nov 14_

_____
Bush McCarthy

*****

44.   James Mervyn

   I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: _10-30 - 2014_

_____
James Mervyn

*****

45.   Shawn Metheny

   I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: _27 Oct 2014_

_____
Shawn Metheny

46.  Todd Miller

I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: _October 27, 2014_

_____
Todd Miller

*****

47.  LaMarr Mingle

I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: _October 26, 2014_

_____
LaMarr Mingle

*****

48.  Ann Piper

I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: _10/26/2014_

_____
Ann Piper

*****

49.  James Ramey

I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: _10/27/14_

_____
James Ramey

*****

50.  Tod Rush

I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: _10/27/14_

_____
Tod Rush

51.    Joseph Shanks

I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: _____          _____
                                                                Joseph Shanks

\*\*\*\*\*

52.    Steven Smith

I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: _____          _____
                                                                Steven Smith

\*\*\*\*\*

53.    Thomas Smith

I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: _____          _____
                                                                Thomas Smith

\*\*\*\*\*

54.    Nathan Stencel

I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: _____          _____
                                                                Nathan Stencel

\*\*\*\*\*

55.    Chad Stuck

I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: _____          _____
                                                                Chad Stuck

56. Richard Teinert

I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: 10/29/14

Richard Teinert

\*\*\*\*\*

57. Wayne Thompson

I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: 10/27/2014

Wayne Thompson

\*\*\*\*\*

58. Cody Titus

I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: 10-27-14

Cody Titus

\*\*\*\*\*

59. Jaye Tkac

I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: 10/30/14

Jaye Tkac

\*\*\*\*\*

60. Jayeson Tkac

I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: 10/27/14

Jayeson Tkac

61.   Michael Tobin

I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: 10-27-14

Michael Tobin

*****

62.   Carl Turner

I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: 10-26-2014

Carl Turner

*****

63.   David Wabindato

I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: 27 OCT. 14

David Wabindato

*****

64.   Tracey Walker

I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: OCt. 27, 2014

Tracey Walker

*****

65.   Larry Wesner

I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: Oct 27, 2014

Larry Wesner

66.    Scott Williamson

    I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: 10-26-14

Scott Williamson

\*\*\*\*\*

67.    Dan Wolfe

    I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: 10-26-14

Dan Wolfe

\*\*\*\*\*

68.    Jill Wood

    I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: Oct 26, 2014

Jill Wood

\*\*\*\*\*

69.    Deric Wurmlinger

    I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: 10/27/14

Deric Wurmlinger

\*\*\*\*\*

70.    Kim Yarger

    I agree to the terms of the Settlement, Release, and Waiver Agreement set forth above.

Date: 10/27/14

Kim Yarger

**EXHIBIT A**
**See Note (1) regarding tax reporting and payment methods**

| Emp Name | Emp ID | GRAND TOTAL | Wages | Liquidated Damages | EXCEPTIONS |
|---|---|---|---|---|---|
| ARCHER, MICHAEL P | 200289 | $10,440.29 | $5,220.15 | $5,220.14 | |
| AUPPERLEE, TODD W | 193531 | $24,429.03 | $12,214.52 | $12,214.51 | |
| BARNES, SCOTT R | 076055 | $21,920.91 | $10,960.46 | $10,960.45 | |
| BARNEY, BRADLEY J | 074652 | $21,492.39 | $10,746.20 | $10,746.19 | |
| BARTZEN, BRIAN L | 017482 | $14,789.53 | $7,394.77 | $7,394.76 | |
| BEAUCHAMP, MATTHEW J | 154765 | $24,955.77 | $12,477.89 | $12,477.88 | |
| BRADLEY, JENNIFER A | 016875 | $10,447.01 | $5,223.51 | $5,223.50 | Now a resident of Texas; no state withholdings |
| BRITTON, RALPH C | 016141 | $1,418.73 | $709.37 | $709.36 | |
| BRIZENDINE, NICHOLAS J | 156679 | $16,677.19 | $8,338.60 | $8,338.59 | |
| BURKART, MARK P | 154626 | $19,717.25 | $9,858.63 | $9,858.62 | |
| CRAPE, JASON J SR | 171902 | $9,579.21 | $4,789.61 | $4,789.60 | |
| CUSHMAN, JOSHUA A | 176034 | $23,726.57 | $11,863.29 | $11,863.28 | |
| DAWS, CHARLES J | 016175 | $19,692.47 | $9,846.24 | $9,846.23 | |
| DEVRIENDT, MARK A | 074902 | $19,779.39 | $9,889.70 | $9,889.69 | |
| DOSER, ANDRE G | 195982 | $15,480.55 | $7,740.28 | $7,740.27 | |
| ELLIOTT, JAMES B | 016142 | $20,642.81 | $10,321.41 | $10,321.40 | |
| FLEISHER, MICHAEL P JR | 074466 | $13,796.95 | $6,898.48 | $6,898.47 | |
| GIESKE, TIMOTHY S | 184775 | $17,624.27 | $8,812.14 | $8,812.13 | |
| GRAW, CLIFTON R | 015244 | $18,276.19 | $9,138.10 | $9,138.09 | |
| HAINES, ERIC R | 172373 | $23,810.89 | $11,905.45 | $11,905.44 | |
| HARDIN, CALVIN E | 017143 | $25,763.59 | $12,881.80 | $12,881.79 | |
| HARDY, WALTER L II | 017245 | $13,197.51 | $6,598.76 | $6,598.75 | |
| HAUSMAN, JOHN | 016870 | $17,679.01 | $8,839.51 | $8,839.50 | |
| HILL, CLIFFORD | 017250 | $16,787.09 | $8,393.55 | $8,393.54 | |
| HILL, NICHOLAS M | 174937 | $19,706.19 | $9,853.10 | $9,853.09 | Retiree who cashed out of pension; no pension employee withholdings |
| HILLARD, LUCAS K | 197154 | $15,171.17 | $7,585.59 | $7,585.58 | |
| HOLLY, SHANE M | 196531 | $15,469.49 | $7,734.75 | $7,734.74 | |
| HUDSON, JEFFREY A | 186174 | $19,400.73 | $9,700.37 | $9,700.36 | |
| HUGHES, CHAD G | 187861 | $17,749.15 | $8,874.58 | $8,874.57 | |
| HUGHEY, MICHELE S | 075521 | $17,118.69 | $8,559.35 | $8,559.34 | |
| JONES, QUINCY D | 017481 | $15,730.11 | $7,865.06 | $7,865.05 | |
| JUSTIN, JEANNELL G | 017527 | $19,122.13 | $9,561.07 | $9,561.06 | |
| KEELER, SCOTT C | 017251 | $10,557.51 | $5,278.76 | $5,278.75 | |
| KELLY, SHAUN R | 196110 | $17,219.71 | $8,609.86 | $8,609.85 | |
| KOCH, MARK N | 164162 | $8,268.69 | $4,134.35 | $4,134.34 | |
| LOVE, CHRISTOPHER B | 016893 | $21,437.51 | $10,718.76 | $10,718.75 | |
| LOWE, MICHAEL R | 015841 | $21,106.79 | $10,553.40 | $10,553.39 | |
| MAGERS, ADAM T | 175372 | $14,698.81 | $7,349.41 | $7,349.40 | |
| MALONE, DEREK | 017780 | $28,625.81 | $14,312.91 | $14,312.90 | |

a/o 11/5/2014

**EXHIBIT A**

## See Note (1) regarding tax reporting and payment methods

| Emp Name | Emp ID | GRAND TOTAL | Wages | Liquidated Damages | EXCEPTIONS |
|---|---|---|---|---|---|
| MARSHALL, EDWARD O II | 016872 | $15,435.19 | $7,717.60 | $7,717.59 | |
| MARTIN, JAKE W | 193090 | $17,167.17 | $8,583.59 | $8,583.58 | |
| MARTIN, MICHAEL T | 183434 | $11,235.15 | $5,617.58 | $5,617.57 | |
| MCCARTHY, BUSH B | 194011 | $14,376.15 | $7,188.08 | $7,188.07 | |
| MERVYN, JAMES R | 195375 | $17,255.63 | $8,627.82 | $8,627.81 | |
| METHENY, SHAWN | 017024 | $20,092.71 | $10,046.36 | $10,046.35 | |
| MILLER, TODD A | 155498 | $16,217.59 | $8,108.80 | $8,108.79 | |
| MINGLE, LAMARR E | 017530 | $19,189.03 | $9,594.52 | $9,594.51 | |
| PIPER, ANN | 017117 | $9,553.83 | $4,776.92 | $4,776.91 | |
| RAMEY, JAMES D | 163324 | $17,958.91 | $8,979.46 | $8,979.45 | |
| RUSH, TOD A | 014776 | $14,198.31 | $7,099.16 | $7,099.15 | |
| SHANKS, JOSEPH A | 077771 | $19,625.65 | $9,812.83 | $9,812.82 | |
| SMITH, STEVEN K | 016144 | $18,148.25 | $9,074.13 | $9,074.12 | |
| SMITH, THOMAS G | 017596 | $7,547.05 | $3,773.53 | $3,773.52 | |
| STENCEL, NATHAN M | 196522 | $13,577.35 | $6,788.68 | $6,788.67 | |
| STUCK, CHAD E | 017588 | $15,172.89 | $7,586.45 | $7,586.44 | |
| TEINERT, RICHARD | 017139 | $21,456.13 | $10,728.07 | $10,728.06 | |
| THOMPSON, WAYNE | 016871 | $19,553.29 | $9,776.65 | $9,776.64 | |
| TITUS, CODY J | 198351 | $11,557.81 | $5,778.91 | $5,778.90 | |
| TKAC, JAYE A | 017589 | $11,580.13 | $5,790.07 | $5,790.06 | |
| TKAC, JAYESON R | 175711 | $12,094.87 | $6,047.44 | $6,047.43 | |
| TOBIN, MICHAEL J | 192645 | $18,277.45 | $9,138.73 | $9,138.72 | |
| TURNER, CARL | 017148 | $7,423.27 | $3,711.64 | $3,711.63 | |
| WABINDATO, DAVID V | 017021 | $9,389.91 | $4,694.96 | $4,694.95 | |
| WALKER, TRACEY S | 017682 | $21,473.15 | $10,736.58 | $10,736.57 | |
| WESNER, LARRY E | 015297 | $15,916.03 | $7,958.02 | $7,958.01 | |
| WILLIAMSON, SCOTT E | 179790 | $17,587.33 | $8,793.67 | $8,793.66 | |
| WOLFE, DAN R | 074179 | $21,421.55 | $10,710.78 | $10,710.77 | |
| WOOD, JILL M | 189259 | $19,824.11 | $9,912.06 | $9,912.05 | |
| WURMLINGER, DERIC A | 199258 | $11,695.59 | $5,847.80 | $5,847.79 | |
| YARGER, KIM M | 017046 | $20,491.43 | $10,245.72 | $10,245.71 | |
| | | | | | |
| TOTALS: | | $1,170,000.00 | $585,000.35 | $584,999.65 | |
| | | | | | |

Note (1): the amounts shown in the "Wages" column are attributable to back wages and are subject to federal, state and local taxes and withholding. The City will issue a separate paycheck for each Plaintiff for the "Wages" amount, reflecting all withholdings and deductions, and will remit all checks to Plaintiffs' counsel, Ann B. Oldfather. The amount shown as "Wages" will be reflected in a W-2 issued by the City. The amounts shown in the "Liquidated Damages" column are attributable to non-wage liquidated damages, and no taxes will be withheld from these sums, which will be remitted as one combined payment to Plaintiffs' counsel, Ann B. Oldfather. The City will issue a Form 1099 to each Plaintiff in the amount shown in the "Liquidated Damages" column.

a/o 11/5/2014